UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS WELKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO:  1:16-cv-0415 |
| | ) |
| CAPPO MANAGEMENT X, INC.. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Thomas Welker, hereinafter Plaintiff, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Cappo Management X, Inc. d.b.a. Victory Honda of Muncie, Inc., hereinafter Defendant and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to 28 U.S.C. §1332 diversity of citizenship and amount in controversy, and 28 U.S.C. § 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff is a 25 year old male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5. At all times relevant hereto, Plaintiff was an "employee" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7. At all times relevant hereto, both of the Defendant were an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b)(2), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

8. Defendant is a for profit domestic corporation doing business in Indiana and registered with the Indiana Secretary of State.

9. Defendant has more than twenty five (25) employees.

10. Defendant conducts business at 4901 W. McGalliard Rd., Muncie, IN 47304.

11. The Plaintiff is a citizen of the state of Indaina, residing at 6102 Rocky Road, Anderson IN 46013.

12. The Plaintiff worked at Defendant's store located in the state of Indiana, Victory Honda of Muncie, 4901 W. McGalliard Rd., Muncie, IN 47304.

13. The Plaintiff has sustained emotional and financial damages that amount to greater than $75,000.00.

## ADMINISTRATIVE PROCEDURES

14. On or about April 8, 2015, Plaintiff filed timely charges Disability Discrimination and termination in retaliation for requesting accommodation, Charge Number 470-2015-01673.

15. On or about November 24, 2015, Plaintiff received a Notice of Right to Sue from the EEOC for Charge Number 470-2015-01673, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

16. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

17. The Defendant hired Plaintiff on or about July 27, 2014.

18. Throughout his employment Plaintiff met or exceeded Defendant's legitimate expectations of performance.

19. On or about February 2015 the Plaintiff developed severe stomach pain and experienced frequent vomiting and diarrhea.

20. Due to his medical condition Plaintiff had to use the restroom frequently.

21. Management harassed Plaintiff for having to use the restroom frequently.

22. The Plaintiff obtained a doctor's note and provided the Defendant with a copy of the note.

23. The doctor's note required the accommodation of bathroom breaks.

24. The Defendant was provided a copy of this doctor's note.

25. On April 10, 2015, the Plaintiff went to the restroom and was terminated after returning to his desk.

26. Plaintiff was informed that he was being terminated due to using the restroom too much.

27. Plaintiff received no write ups and no warnings.

28. Defendant was aware of Plaintiff's need for frequent bathroom breaks as an accommodation for his gastric disability.

## COUNT I

## DISCRIMINATION ON THE BASIS OF DISABILITY

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 as though previously set out herein.

30. Plaintiff suffers with a gastric disability.

31. Plaintiff's gastric disability resulted in a need to use the restroom frequently.

32. The Plaintiff was evaluated by a doctor and a note with required accommodations was provided to the Defendant.

33. The Plaintiff's disability was severe enough to require accommodations.

34. The Defendant was aware of the Plaintiff's disability and requirement for accommodations at work.

35. Defendant harassed Plaintiff about his disability and need to use the restroom frequently.

36. The Defendant terminated Plaintiff after using the restroom at work.

37. Defendant informed Plaintiff he was in the restroom too much.

38. The Defendant did not want to accommodate the Plaintiff's disability.

39. The Defendant intentionally terminated the Plaintiff due to his disability.

40. By the conduct described hereinabove, the Defendant willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as an employee with a disability, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment, in violation of the Americans with Disabilities Act and Title VII.

41. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION FOR REQUESTING ACCOMODATION OF DISABILITY

42. Plaintiff hereby incorporates by reference paragraphs 29 through 41 as though previously set out herein.

43. Plaintiff developed a disability during his employment with Defendant.

44. The Plaintiff's injury disabled him and resulted in the need for physical restrictions.

45. The Defendant did not want to accommodate the Plaintiff's disability.

46. In lieu of accommodating the Plaintiff, the Defendant terminated him.

47. The Plaintiff was terminated after using the restroom due to his disability.

48. The Defendant terminated the Plaintiff in retaliation for requesting accommodation of his disability.

49. By the conduct described hereinabove, the Defendant willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as an employee with a disability, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment, in violation of Title VII and the ADA.

50. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and:

a. Order Defendants to pay his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed so triable.

        Respectfully submitted:

        s/ Heather R. Falks
        Heather R. Falks 29907-41
        STEWART & STEWART Attorneys
        931 S. Rangeline Rd.
        Carmel IN 46032
        (317) 846-8999
        Fax: (317) 843-1991
        heatherf@getstewart.com
        Attorney for Plaintiff